UNITED STATES of America

v.

38 CASES, More or Less * * *, etc.;
Labeled in Part "MR. ENZYME", etc.,
Home Makers Savings Corporation,
Claimant-Appellant.

No. 15896.

United States Court of Appeals
Third Circuit.

Argued Nov. 18, 1966.

Decided Dec. 14, 1966.

---

Robert E. Kline, Pittsburgh, Pa. (Leonard M. Mendelson, Pittsburgh, Pa., on the brief), for appellant.

Lillian C. Scott, Dept. of Justice, Crim. Div., Administrative Regulations Section, Washington, D. C. (Gustave Diamond, U. S. Atty., Sebastian C. Pugliese, Jr., Asst. U. S. Atty., Pittsburgh, Pa., William W. Goodrich, Asst. Gen. Counsel, Joanne Sisk, Food and Drug Div., Dept. of Health, Education and Welfare, Washington, D. C., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Appellee moves to dismiss this appeal because "(1) No final decree of condemnation has been entered by the United States District Court. (2) No order has been entered concerning the disposition of the seized article. (3) The judgment appealed from is not a final judgment so as to be appealable."

The facts are as above stated in the motion. The proceeding is strictly under Section 334 of the Food, Drug and Cosmetic Act, 21 U.S.C. In accordance with paragraph (a) of Section 334 the Government in this case filed a libel for condemnation against certain articles of drug (the "38 cases, more or less * * * Mr. Enzyme" here involved) alleging that same were misbranded. The articles were seized under the authority of paragraph (b) of 334. Appellant, Home Makers Savings Corporation, filed a claim of ownership, etc. The suit was thereafter tried before a jury. It resulted in a verdict in favor of libelant and a judgment was entered on December 13, 1965, which reads "Judgment is hereby entered in favor of U.S.A. and against 38 cases, more or less, Mr. Enzyme, together with costs."

Section 334(d) provides in pertinent part "Any food, drug, device or cosmetic condemned under this section shall, after entry of the decree, be disposed of by destruction or sale as the court may, in accordance with the provisions of this section, direct * * *." Following entry of the judgment no proposed decree and proposed order for the disposition of the articles were submitted to the Court. On February 3, 1966, Notice of Appeal was filed by Claimant. On February 11, 1966, Libelant filed a motion for a more specific judgment. The Court did what it could by noting that a judgment for the destruction of the articles might be premature in the light of the appeal. However, it stressed that the case was on appeal and that there was no present jurisdiction in the District Court and denied the motion.

In the situation there is no final decree of condemnation and no order disposing of the articles, both of which are required by the Act. Accordingly, the appeal must be dismissed, but without prejudice to the entry of an appropriate final decree by the District Court. Preservation of the articles during appeal, if any be taken, can readily be protected by the District Court prior to appeal or by this Court thereafter. In event of appeal, the present appellate books may be used.