**UNITED STATES of America**

v.

**ARTICLES OF DRUG . . . PENAPAR VK . . . etc.\***

**Civ. No. B–78–322.**

United States District Court, D. Maryland.

Oct. 2, 1978.

---

\* Articles of drug consisting of the following:

161 cases, more or less, each case containing 48 units and a partial case containing 27 units, more or less, each unit consisting of an individually boxed bottle with insert, labeled in part: (individual box)

"N 0071–2449–20 PENICILLIN V POTASSIUM PENAPAR VK (PENICILLIN V POTASSIUM FOR ORAL SOLUTION) \* \* \* 125 MG (200,000 UNITS) \* \* \* PER 5 ML \* \* \* CAUTION–Federal law prohibits \* \* \* 200–ML \* \* \* PARKE–DAVIS"

(case)

"48 INVENTORY UNITS (200 ML EACH BOTTLE) PENICILLIN V POTASSIUM PENAPAR VK 125 MG (200,000 UNITS) PER 5 ML \* \* EXPIRATION DATE: OCT. 1978 \* \* \* PARKE–DAVIS \* \* \*" (coded "380896A")

164 cases, more or less, each case containing 48 units and a partial case containing 16 units, more or less, each unit consisting of an individually boxed bottle with insert, labeled in part: (individual box)

"N 0071–2506–20 PENICILLIN V POTASSIUM PENAPAR VK (PENICILLIN V POTASSIUM FOR ORAL SOLUTION) \* \* \* 250 MG (400,000 UNITS) \* \* \* PER 5 ML \* \* \* CAUTION–Federal law prohibits \* \* \* 200–ML BOTTLE \* \* \* PARKE–DAVIS \* \* \*"

(case)

"48 INVENTORY UNITS (200 ML EACH BOTTLE) PENICILLIN V POTASSIUM PENAPAR VK 250 MG (400,000 UNITS) PER 5 ML \* \* EXPIRATION DATE: OCT. 1978 \* \* \* PARKE–DAVIS \* \* \*" (coded "380913A").

James A. Calderwood, Consumer Affairs Section, Antitrust Div., Dept. of Justice, Washington, D. C., Barry Blyveis, Food and Drug Administration, Rockville, Md., Russell T. Baker, Jr., U. S. Atty., D. of Maryland, and Robert B. Schulman, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Jervis Spencer Finney and Ober, Grimes & Shriver, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

This is a forfeiture action brought by the United States seeking seizure and condemnation of certain articles of drug under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. This court has jurisdiction under 28 U.S.C. § 1345. John D. Copanos & Sons, Inc. (Copanos) filed a claim to the articles of drug and answered the United States' complaint. Now before the court is the motion of Copanos to withdraw its claim.

The sole issue remaining in the case involves costs.[1] Both parties agree that destruction of the subject articles should be effected. Under 21 U.S.C. § 334(d), a condemnation decree is required before the articles can be destroyed. *See United States v. 38 Cases, etc., Mr. Enzyme*, 369 F.2d 399, 400 (3d Cir. 1966). The United States contends that under 21 U.S.C. § 334(e) the court costs, cost of destruction, and cost of supervision of destruction should be borne by Copanos. Copanos disagrees, believing it inappropriate to subject it to the payment of costs as well as the destruction of the drugs.

The statutory section at issue, 21 U.S.C. § 334(e), provides as follows:

(e) When a decree of condemnation is entered against the article, court costs and fees, and storage and other proper expenses, shall be awarded against the person, if any, intervening as claimant of the article.

Copanos contends that this section is inapplicable if it is allowed to withdraw its claim. Its reasoning is that § 334(e) only applies to a party who is still in the case as a claimant at the time the decree of condemnation is entered. Thus, if Copanos were allowed to withdraw before the decree was entered, § 334(e) would not authorize an award of costs against it, because Copanos would no longer be a claimant at the time of the decree.

■ The court disagrees with Copanos' argument because it is based upon an incorrect reading of § 334(e). The statute does not provide for the payment of costs only after the decree of condemnation and only by the party *then* intervening as claimant. It is true that the award of costs is to be made at the time the decree of condemnation is entered. However, the statute mandates an award of costs against any person intervening as claimant in the proceeding; there is no requirement expressed in § 334(e) that the person against whom costs are awarded still be a party to the proceedings at the time the decree is entered. The

---

1. Copanos has also requested the court to terminate the "regulatory letter" issued by the Food and Drug Administration. Since the question of termination of this letter is purely collateral to this forfeiture proceeding, the court views that question to be inappropriate for determination at this time. Accordingly, no action will be taken with respect to the regulatory letter.

interpretation suggested by Copanos would allow an unsuccessful claimant to avoid the award of costs under § 334(e) by merely withdrawing its claim prior to the entry of the condemnation decree. The court concludes that § 334(e) requires an award of costs against a claimant even if that claimant attempts to withdraw prior to the decree. Since Copanos has unsuccessfully intervened as a claimant, costs should be awarded against it when the decree of condemnation is entered.

Even if Copanos' interpretation of § 334(e) was correct, an award of costs against it would still be proper since at this juncture in the proceeding a decree of condemnation should be entered. There is no longer any dispute concerning condemnation and destruction of the drugs; the only remaining question involves the award of ·costs. For all practical· purposes, this case is now finished, and the preparation and entry of a decree of condemnation would seem appropriate. Therefore, the United States is requested to prepare a decree of condemnation.

Accordingly, it is this 2nd day of October, 1978, by the United States District Court for the District of Maryland, ORDERED:

1) That the United States submit the appropriate decree to the court for its signature;

2) That costs and proper expenses are to be awarded to the United States and against Copanos when the decree of condemnation is entered; and

3) That Copanos' motion to withdraw its claim, except as provided above, is moot.